UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NATHANIEL JOSEPH DICOSIMO,

        Plaintiff,

        v.                                                                   Case No. 22-cv-1126-bhl

GREEN LAKE COUNTY JAIL, et al.,

        Defendants.

## SCREENING ORDER

Plaintiff Nathaniel Joseph Dicosimo, who was formerly incarcerated at the Green Lake County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Dicosimo's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Dicosimo has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full $350.00 filing fee. *See* 28 U.S.C. §1915(b)(1). When funds exist, a prisoner must pay an initial partial filing fee and then pay the balance of the $350 filing fee over time. A prisoner must submit a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of a complaint so the Court can calculate the amount of the initial partial filing fee that the prisoner must pay. *See* 28 U.S.C. §1915(a)(2). Dicosimo filed multiple letters explaining his many efforts to obtain a certified copy of his prison trust account statement. *See* Dkt. No. 1-1 at 12-15, Dkt. No. 5, Dkt. No. 7. According to Dicosimo, the Jail has repeatedly refused to provide

him with the statement. Because Dicosimo is unable to comply with §1915(a)(2) through no fault of his own, the Court will waive his requirement to provide a copy of his trust account statement and his requirement to pay an initial partial filing fee. Dicosimo must pay the full $350 filing fee over time.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

### THE COURT'S ANALYSIS

Dicosimo sues fourteen Defendants in a nearly forty-page complaint, in which he improperly brings unrelated claims in a single case. In addition to other purported claims, Dicosimo asserts that some Defendants violated his First Amendment right to freely exercise his religion, others interfered with his legal mail and access to the courts, others violated his due

process rights during his arrest and trial, and others violated his Fourth Amendment right to be free from unreasonable searches and seizures. Dkt. No. 1.

The Seventh Circuit has instructed that, pursuant to the controlling principle of Fed. R. Civ. P. 18(a), "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Specifically, Rule 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607.

Moreover, *George* reminded district courts that Fed. R. Civ. P. 20 applies as much to prisoner cases as it does to any other case. 507 F.3d at 607. Under Rule 20, joinder of multiple defendants into one action is proper only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20.

The Court finds that the complaint violates Rules 18 and 20 insofar as it advances unrelated claims against multiple sets of defendants. *George* instructed that such "buckshot complaints" should be "rejected." 507 F.3d at 607. If Dicosimo wishes to proceed, he must file an amended complaint that includes only related claims, meaning that the claims must arise out of the same event or series of events and must share common questions of law and fact. An amended complaint must be filed on or before **November 23, 2022**. Failure to file an amended complaint by the

3

deadline may result in dismissal of this action based on Dicosimo's failure to file a complaint that complies with the Federal Rules of Civil Procedure and based on his failure to diligently prosecute this case.

Dicosimo is advised that the amended complaint will replace the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). If an amended complaint is received, it will become the operative complaint in this action, and the Court will screen it in accordance with 28 U.S.C. §1915A.

Further, Dicosimo is advised that 42 U.S.C. §1983 "creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Moreover, the doctrine of respondeat superior (supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir. 1992). Section 1983 does not create collective or vicarious responsibility. *Id.* Thus, with respect to any claim or claims advanced in his amended complaint, Dicosimo must identify the individual defendants and specify the manner in which their actions, or failure to take action, violated his constitutional rights.

Finally, a plaintiff should not plead every fact supporting his claims or set forth his legal arguments; he only has to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). There is a reason that the rule specifies a "short and plain" statement. "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *U.S. ex rel. Garst v.*

*Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). "[L]ength may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter." *Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013) (quoting *U.S. ex rel. Garst*, 328 F.3d 374, 378 (7th Cir. 2003)). "District judges are busy, and therefore have a right to dismiss a complaint that is so long that it imposes an undue burden on the judge, to the prejudice of other litigants seeking the judge's attention." *Id.* The Court will provide Dicosimo with a blank amended complaint form. If Dicosimo chooses to file an amended complaint, he must use the form. *See* Civil L. R. 9(b). If he needs additional space, he may attach up to *five* additional pages.

**IT IS THEREFORE ORDERED** that Dicosimo's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that, if Dicosimo wishes to proceed with this case, he must file an amended complaint curing the defects in the original complaint as described in this decision, on or before **November 23, 2022**. If the Court does not receive an amended complaint, it will dismiss this case based on Dicosimo's failure to file a complaint that complies with the Federal Rules of Civil Procedure and based on his failure to diligently prosecute this case. If Dicosimo no longer wishes to pursue this case, he does not have to take any further action.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Dicosimo a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions," along with this order.

**IT IS FURTHER ORDERED** that Dicosimo must pay the $350 filing fee over time as he is able. He must mark his payments with his case name and number and mail his payments to the Office of the Clerk at the below address.

**IT IS FURTHER ORDERED** that Dicosimo submit the original document for each filing to the Court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Dicosimo is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on October 25, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge